UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Mustin,                                                 Case No. 3:21-cv-321

              Plaintiff,

         v.                                                 MEMORANDUM OPINION
                                                              AND ORDER

Warden Lyneal Wainwright, *et al.*,

              Defendants.

## I.     INTRODUCTION

Plaintiff Keith Mustin, acting *pro se*, filed a motion for default judgment against four defendants: Matthew Guiller, Ryan James, Melody Bianchi, and Katrina Rostorfer. (Doc. No. 36). These defendants filed a brief opposing the motion, in which they asked that the case against them be dismissed for insufficient service of process, or, in the alternative, that they be granted leave to file an answer *instanter*. (Doc. No. 38). Mustin did not file a brief in reply. For the reasons that follow, I deny Mustin's motion, deny the defendants' motion to dismiss, and grant the defendants' motion for leave to file an answer.

## II.     BACKGROUND

Mustin, who at the time was incarcerated at Marion Correctional Institution, sued Warden Lyneal Wainwright, Randon Watson, Blair Smith, Wendi J. Griffith, Kasey Plank, Michelle Turner, Matthew Guiller, Ryan James, Melody Bianchi, and Katrina Rostorfer for alleged violations of his rights under the Constitution and state and federal law related to his Muslim faith. (Doc. No. 9; *see* Doc. No. 39). Mustin alleges Wainwright, Watson, Smith, Griffith, Plank, and Turner (the "State

Defendants") are current or former employees of the Ohio Department of Rehabilitation and Correction at Marion Correctional Institution. (*See* Doc. No. 9; Doc. No. 14 at 1 n.1). Mustin contends Guiller, James, Bianchi, and Rostorfer (the "Aramark Defendants") work at Marion Correctional Institution for Aramark, the food service contractor used by the prison, as food service staff. (*See* Doc. No. 9 at 3).

After I dismissed all claims against all defendants under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915, (*See* Doc. No. 27), the Sixth Circuit reversed my dismissal of Mustin's free exercise, RLUIPA, and equal protection claims against the State Defendants, and also reversed my dismissal of Mustin's claims against the Aramark Defendants other than the retaliation claim against Bianchi. (*See* Doc. No. 32 at 21). The Sixth Circuit noted that "[a]lthough it appears [the Aramark Defendants] were served, they have not appeared in the case." (*Id.* at 16). It stated that "[o]n remand, the district court should determine whether the Aramark defendants were properly served, and whether a motion for default judgment should be considered." (*Id.* at 21).

On January 23, 2025, I found the following: "It appears that service on Aramark Defendants Matthew Guiller, Ryan James, Melody Bianchi, and Katrina Rostorfer was perfected on or around December 13, 2021. . . . Because none of these Defendants have filed any response to Plaintiff's operative Amended Complaint, . . . I conclude they are in default." (Doc. No. 34 at 1). I set a briefing schedule, and Mustin's motion for default judgment timely followed. (*See id.*; Doc. No. 36).

### III. ANALYSIS

Mustin argues I should grant default judgment in his favor against Guiller, James, Bianchi, and Rostorfer because none of them appeared or filed any motions or pleadings within the time limit required by Rule 12. (Doc. No. 36 at 3). The Aramark Defendants argue that I should not grant Mustin's motion because, contrary to what is indicated on the docket, service of process was

2

never properly effectuated under Rule 4. (*See* Doc. No. 38-1 at 3-5). Based on this premise, they also argue the claims against them should be dismissed under Rule 12(b)(5) for insufficient service of process. (*Id.* at 4). Alternatively, they argue their failure to file an answer or otherwise appear in this case constitutes excusable neglect, and I should exercise my discretionary authority to permit them to file an answer. (*Id.* at 7-10).

A. **MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Under Rule 12(b)(5), a defendant may file a motion to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). A plaintiff bears the burden of showing proper service was made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Process may be served on an individual within a United States judicial district by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In a case like this one, where the plaintiff is authorized to proceed *in forma pauperis*, the court must order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); (*see* Doc. No. 11). Mustin filed his operative complaint on October 28, 2021, and return of service by a United States Marshal was executed on Guiller, James, Bianchi, and Rostorfer on December 13, 2021. (*See* Doc. No. 15 at 1-3,

13-21). This occurred within the 90-day window for service of process provided by the Federal Rules. *See* Fed. R. Civ. P. 4(m).

Service was effectuated by FedEx certified mail to the Marion Correctional Institution, where all four defendants work for Aramark. (*See id.*). The return of service filed on the docket indicates each package was signed for by "T. Sands," and each FedEx proof-of-delivery slip bears the written signature "C-19." (*See id.* at 3, 15, 18, 21). Because service was effectuated by a United States Marshal, proof of service in this case does not require an affidavit. Fed. R. Civ. P. 4(l).

Defendants argue service was "insufficient as a matter of law" because process was not served by any of the methods listed in Rule 4(e)(2), and "Plaintiff cannot perfect service by mailing the Second Amended Complaint to MCI and having an unknown MCI employee sign the certified mail receipt." (Doc. No. 38-1 at 6-7). But Rule 4(e)(1) allows process to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which, in this case, is Ohio. Fed. R. Civ. P. 4(e)(1). "If a plaintiff follows the [Ohio] civil rules governing service of process, a rebuttable presumption of proper service arises." *Shannon Vill. Homeowners Assoc. v. Miller*, 214 N.E.3d 48, 53 (Ohio Ct. App. 2023); *accord GPH Louisville Hillcreek LLC v. Redwood Holdings, LLC*, Case No. 1:24-mc-00033, 2025 WL 1167183, at *9 (N.D. Ohio April 22, 2025).

Mustin has satisfied the Ohio Civil Rules governing the method by which process may be served. A United States Marshal used FedEx certified mail, "a commercial carrier service utilizing any form of delivery requiring a signed receipt," to send the summons and the complaint to each of the Aramark Defendants. Ohio Civ. R. 4.1(A)(1)(b). The mailed summons and complaint were returned signed, and the return was entered into the record, so "[s]ervice [is] deemed complete" under Ohio law. Ohio Civ. R. 4.6(D); *see also Parker v. Keller*, Case No. 2:17-cv-00102, 2019 WL

4

2125542, at *2 (W.D. Mich. April 22, 2019) ("a U.S. Marshal's return creates a presumption of valid service on an agent").

Mustin has also satisfied Ohio law and due process requirements regarding where and on whom process may be served. Under Ohio law, service of process must be made "in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Continuum Trans. Servs., Ltd. v. Elite Int'l Corp., LLC*, 235 N.E.3d 523, 527 (Ohio Ct. App. 2024) (internal citations and quotation marks omitted). "If service is directed to a defendant at an address at which they . . . are employed . . . service of process can be found to be reasonably calculated to reach the named defendant." *Id.* at 529; *see also Elkins v. Summit Cnty.*, Case No. 5:06-cv-3004, 2008 WL 622038, at *3 (N.D. Ohio March 5, 2008) (concluding service on police officers at their place of employment was sufficient); *Schroeder v. Vigil-Escalera Perez*, 664 N.E.2d 627, 633-34 (Cuyahoga Cnty. C. P. 1995) ("It is well-settled law in Ohio that service at a place of employment is sufficient"); *Clark v. Marc Glassman, Inc.*, Case No. 82578, 2003 WL 2205344, at *4 (Ohio Ct. App. 2003) (noting that service "could have been effective, even though the certified mail receipt was signed by someone other than [the defendant], if [he] maintained 'such physical presence' at the store [where he worked] that it could be reasonably anticipated that the service would reach him").

Therefore, service can be proper by certified mail to a defendant's place of employment, "even if someone other than the defendant signs the certified mail receipt," as long as they are "currently employed" there and there is no indication they are not "regularly present." *Elkins*, 2008 WL 622038 at *3 (N.D. Ohio March 5, 2008) (citing *Castellano v. Kosydar*, 326 N.E.2d 686, 689 (Ohio 1975)) (additional citations omitted).

Here, each summons was addressed to the correct defendant, was delivered to their place of employment, and was signed for by an individual at that place of employment. (*See* Doc. No. 15 at 1-3, 13-21). In addition, Defendants Blair Smith, Michelle Turner, and Kasey Plank, all of whom

5

also work at the Marion Correctional Institution (or worked there at the time), were served on the same day by the same method. (*See id.* at 4-12). These defendants have participated substantially in the case and have not challenged service of process. (*See* Doc. No. 20 (reply in support of motion to dismiss); Doc. No. 37 (joint status report)). These facts support a finding that service of process was made "in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Continuum Trans. Servs., Ltd.*, 235 N.E.3d at 527 (internal citations and quotation marks omitted). I conclude the evidence in the record creates a presumption that service on the Aramark Defendants was proper.

The Aramark Defendants do not controvert any of this. Instead, they assert they did not personally receive service of process, and they speculate that the summons and complaint in this case may have been confused for legal documents in other cases in which they were involved. (*See* Doc. No. 38-1 at 1-3). But they offer no additional evidence, in the form of affidavits or other documents, to support these assertions. (*See* Doc. Nos. 38, 38-1, 38-2, 38-3). Based on the record evidence, and given the lack of any countervailing evidence offered by the Aramark Defendants, I reject the Aramark Defendants' argument that service of process was insufficient in this case. I deny the motion to dismiss under Rule 12(b)(5).

**B.     MOTION FOR DEFAULT JUDGMENT**

Mustin has moved for default judgment under Rule 55 based on the Aramark Defendants' failure to "plead or otherwise defend" in this case. Fed. R. Civ. P. 5(a), (b)(2); (*see* Doc. No. 36). The Aramark Defendants seek leave to file their Answer and ask that I excuse their default. (*See* Doc. No. 38 at 5-8).

A court may allow a party to file a pleading after the relevant deadline "for good cause . . . if the party failed to [file before the deadline] because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[E]xcusable neglect" is an "elastic concept" underpinned by equitable considerations, *Pioneer*

*Investment Services Co. v. Brunswick Association Limited Partnership*, 507 U.S. 380, 392, 396 (1993), and it permits courts to "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 389. To determine whether a party has shown excusable neglect, a court must consider five factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer*, 507 U.S. at 395).

First, because service was sufficient in this case under Ohio law, I find the Aramark Defendants' failure to timely file an answer constitutes neglect, whether it was the result of a "simple, faultless omission to act, or because of [defendants'] carelessness." *Wilkerson v. Jones*, 211 F. Supp. 2d 856, 858 (E.D. Mich. 2002).

After weighing the factors above, I find the Aramark Defendants' neglect excusable. To start, the length of the delay in this case cuts against the Aramark Defendants. Process was served on December 14, 2021, and the Aramark Defendants initially participated in this case when they filed their brief in opposition to Mustin's motion for default judgment, on March 7, 2025—a gap of over three years. (*See* Doc. No. 15 at 1-3, 13-21; Doc. No. 38). I also note that "attorney error or inadvertence . . . weigh[s] against" a late-filing party's request for relief, and the Aramark Defendants have not persuaded me they have been entirely diligent in this matter, particularly because they offer no evidence of their own to support the assertions they make in their briefing. *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006).

But the remaining factors favor a finding of excusable neglect. Plaintiff "does not point the Court to any prejudice [he] might suffer" if I grant the Aramark Defendants' untimely request to file an Answer. *Main Street Am. Assurance Co. v. Marble Solutions, LLC*, 557 F. Supp. 3d 844, 850 (W.D. Tenn. 2021). Next, because of the motion practice and appellate proceedings in this case, it "is still

7

in its early stages, despite its age." *Warner v. Chambers-Smith*, Case No. 2:24-cv-1565, 2025 WL 1002882, at *3 (S.D. Ohio April 3, 2025). No discovery has been conducted, and given the overlap between the remaining claims against the State Defendants and the Aramark Defendants, I conclude allowing the Aramark Defendants to file an Answer and participate in this case "would only slightly impact the proceedings." *Main Street*, 557 F. Supp. 3d at 850. The lack of identified prejudice to the plaintiff and the minimal impact on judicial economy favor the Aramark Defendants.

The factors concerning the causes of the delay and the nature of the Defendants' behavior also support a finding that the Aramark Defendants' neglect is excusable. Most importantly, there is "no evidence of bad faith or improper purpose on the part of [the Aramark Defendants]." *Morgan*, 165 F. App'x at 430. While the Aramark Defendants' timely opposition to Mustin's motion for default judgment does not undo their failure to participate before that point, it suggests carelessness rather than gamesmanship. *See Thompson v. Ohio State Univ.*, Case No. 2:12–CV–1087, 2014 WL 2711176, at *3 (S.D. Ohio June 13, 2014) (defendant's filing of a motion for leave to file an answer *instanter* shortly after learning of the failure to answer supported a finding of good faith). Thus the Aramark Defendants' failure to file an Answer was, at most, the kind of inadvertent behavior that may be excused when balanced with the other *Pioneer* factors.

I find the Aramark Defendants' neglect excusable on this record because of the lack of identified prejudice to Mustin, the minimal impact on these proceedings overall, and the absence of any bad faith or gamesmanship on the Defendants' part. It would serve the interests of justice to allow Mustin's case against the Aramark Defendants to be heard on the merits, like his case against the State Defendants. *See, e.g. Warner*, 2025 WL 1002882 at *3 (collecting cases noting that deciding cases on the merits is preferable where justice so allows). Therefore, I deny Mustin's motion for default judgment, and I grant the Aramark Defendants' motion for leave to file an answer.

### IV. CONCLUSION

For the reasons stated above, I deny Mustin's motion for default judgment. (Doc. No. 36). I deny the Aramark Defendants' motion to dismiss under Rule 12(b)(5), and I grant their motion for leave to file an answer. (Doc. No. 38). Defendants Guiller, James, Bianchi, and Rostorfer shall file their Answer within 7 days after the issuance of this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge