UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Mustin,      Case No. 3:21-cv-321

    Plaintiff,

v.      ORDER

Warden Lyneal Wainwright, et al.,

    Defendants.

On August 25, 2025, my chambers issued a notice setting a Case Management Conference for October 16, 2025.  (Doc. No. 44).  The same day, a copy of this notice was mailed to *pro se* Plaintiff Keith Mustin at the address he had provided to the Court on March 31, 2025: 2423 McGuffey Road, Columbus, OH 43211.  (*See* Doc. No. 39).  There is no indication on the docket to suggest he did not receive this notice.  But Plaintiff failed to appear for the October 16, 2025 Case Management Conference, and Defendants' counsel indicated that their attempts to reach him prior to the Case Management Conference were unsuccessful.  (*See* Doc. Nos. 46 and 47).

Because "Mustin's failure to communicate with defense counsel or this Court prevents this litigation from moving toward a resolution," I ordered Plaintiff to "file notice of his intent to proceed with this case on or before November 14, 2025," and warned that "[i]f he fail[ed] to do so, this case will be dismissed for want of prosecution."  (Doc. No. 47).  A copy of my Order was mailed to Plaintiff at the McDuffy address.  On November 17, 2025, this mailing was returned to the Court marked: "Return to Sender Attempted-Not Known Unable to Forward."  (Doc. No. 48).

It is well-settled that a *pro se* litigant "has an affirmative duty to notify the Court of any change in address." *Oesch v. Ohio Dep't of Corr.*, No. 2:19-cv-1758, 2019 WL 2289836, at *1 (S.D. Ohio May 29, 2019) (citing *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC,* No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.")).

Plaintiff is aware of his duty to notify this Court of current contact information address as he has filed an updated change of address twice in the last year. (*See* Doc. Nos. 35 and 39). But he has so far failed to fulfill his obligation. Further, despite presumably receiving notice of the October 16, 2025 Case Management Conference, he failed to attend that conference or notify the Court of his inability to do so. Both the failure to notify the Court of his updated contact information and the failure to appear for the scheduled conference demonstrate a lack of prosecution.

Because there is no evidence that Plaintiff intends to proceed with this case, I dismiss the case without prejudice. Still, I retain jurisdiction to vacate this Order and reopen the case should Plaintiff notify the Court of his updated contact information and intent to proceed within thirty (30) days of this Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge